UNITED STATES DISTRICT COURT                                JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.     **CV 13-135-JFW (JCGx)**                                   Date:  January 17, 2013

Title:        Vishva Dev MD, Inc. -v- Aetna Health of California

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   **Shannon Reilly**                                **None Present**
   **Courtroom Deputy**                              **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                          None

**PROCEEDINGS (IN CHAMBERS):**      ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

    On December 10, 2012, Plaintiff Vishva Dev MD Inc. ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendant Aetna Health of California ("Defendant").  On January 8, 2013, Aetna Life Insurance Company ("Aetna Life") filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Aetna Life bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  In this case, although Aetna Life claims that it is the proper defendant in this action and that its citizenship is diverse from the citizenship of Plaintiff, there is no diversity of citizenship between Plaintiff and Defendant.

    Therefore, Aetna Life has failed to satisfy its burden of establishing that jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) exists.  Accordingly, this action is **REMANDED** to Los Angeles Superior

Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.